UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| DEAN OFFICER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:06-CV-00127 |
| | ) | |
| CHASE INSURANCE LIFE & | ) | |
| ANNUITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER, & OPINION**

Before this Court are the Motion for Summary Judgment (Docket No. 5) filed by Plaintiff, Dean Officer, on October 3, 2006, and the Rule 56 Motion to Strike (Docket No. 12) filed by Defendant, Chase Insurance Life and Annuity Company, on December 4, 2006. Oral arguments were heard on these motions in Lafayette, Indiana on March 2, 2007, and the issues have been fully briefed.

**I. Procedural History and Factual Background**

The Plaintiff, Dean Officer, is the properly designated beneficiary on life insurance policy No. FK3318559 ("the Policy"). This policy was issued by Chase Insurance Life and Annuity Company ("Chase")[1] on February 11, 2004, insuring the life of Theresa S. Officer – the plaintiff's wife – in the amount of One Million Dollars ($1,000,000). The Policy contains the following two-year suicide provision:

---

[1] At the time the Policy issued, Chase Insurance Life and Annuity was known as Federal Kemper Life Assurance Company. *See* Affidavit of Pat Van Keulen at ¶ 3.

> **Suicide**   We will limit the proceeds we pay under this policy if the insured commits suicide, while sane or insane:
>
> 1. Within 2 years from the Date of Issue; and
>
> 2. After 2 years from the Date of Issue, but within 2 years from the effective date of the last reinstatement of this policy.
>
> The policy amount will equal all premiums paid on this Policy.

This policy language was submitted to and approved by the State of Indiana Department of Insurance. *See* Van Keulen Aff. at ¶ 6 & 8.

On January 4, 2006, the insured, Theresa Officer, died as the result of a gunshot wound to the head. The Jasper County Sheriff's Department conducted an investigation and, thereafter, ruled Theresa Officer's death a suicide. *See* Williamson Aff. at ¶ 3-4, 11. The Jasper County Coroner conducted its own investigation and also concluded that Theresa Officer's death was the result of a self-inflicted gunshot wound. *See* Jasper County Coroner's Inquest. Based on this information, Chase treated Theresa Officer's death as a suicide. In response to a claim filed by Dean Officer – the beneficiary – and in accordance with the policy language, Chase paid the benefits due under the Policy pursuant to the Policy's two-year suicide provision, which amounted to $540.00, the amount of premiums paid.

On July 25, 2006, counsel for the Plaintiff returned the $540.00 check to Chase

and demanded full payment of the Policy proceeds; Chase maintained its position and denied coverage. Then, on August 30, 3006, Dean Officer filed this lawsuit in the Jasper Superior Court in Rennselaer, Indiana. The Plaintiff contends that the suicide provision should be nullified on the basis of ambiguity and illegality and asserts a claim for breach of contract based on substantial compliance with the terms of the policy. Chase removed the action to this Court based upon diversity jurisdiction.

## II. Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). After affording the parties adequate time for discovery, a court must grant summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir.

3

1998), *reh'g denied*. A question of material fact is a question which will be outcome-determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. The moving party may discharge this initial burden by demonstrating that there is insufficient evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. The moving party may also choose to support its motion for summary judgment with affidavits and other admissible material, thereby shifting the burden to the nonmoving party to demonstrate that an issue of material fact exists. *Steen v. Myers,* 2006 WL 335521 at *1 (7th Cir. Feb. 13, 2006); *See Kaszuk v. Bakery & Confectionary Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977). The nonmoving party cannot rest on its pleadings, *Weicherding v. Riefel,* 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920-21 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library* Sys., 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc*., 92 F.3d 560 (7th Cir. 1996). However, the plaintiff must do more than raise a "metaphysical doubt" as to the material facts. *Matsushita*, 475 U.S.

4

at 577; 106 S. Ct. at 1351.  Rather, he must come forward with "specific facts" showing that there is a genuine issue for trial.  *Id.* at 587 (*quoting* FED. R. CIV. P. 56(e)).  Furthermore, the court is required to analyze summary judgment motions under the standard of proof relevant to the case or issue.  *Anderson*, 477 U.S. at 252-55. In other words, a party's evidence must be "competent evidence of a type otherwise admissible at trial."  *Steen,* 2006 WL 335521, at *2; *quoting Bombard*, 92 F.3d at 562.

### III.  Motion to Strike

Before the Court can rule on Plaintiff's Motion for Summary Judgment it must address Defendant's Motion to Strike (Docket No. 12).  Chase filed its Motion to Strike, pursuant to N.D. Ind. L.R. 7.1 and 56.1(d), on December 4, 2006.  Specifically, the Defendant requested that this Court strike Exhibit A attached in support of Plaintiff's Motion for Summary Judgment.   Exhibit A purports to be "U.S.A. Suicide:  2003 Official Final Data, John McIntosh, PhD., American Ass'n of Suicidology."  The Plaintiff did not respond to Defendant's Motion to Strike.

Local Rule 7.1(a) states: "Failure to file a response or reply within the time prescribed [by the Rules] may subject the motion to summary ruling."  The Court notes that the Plaintiff did file a Reply in Support of Motion for Summary Judgment on January 15, 2007.   However, the Plaintiff does not address Defendant's Motion to Strike in either that reply or a separate response. Therefore, Defendant's Motion to Strike may be granted summarily according to Local Rule 7.1(a).

5

Further, Defendant's Motion to Strike is appropriately granted on the merits because district courts may only consider properly designated evidence that would be admissible at trial when ruling on a motion for summary judgment. FED. R. CIV. P. 56(e); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 n.2 (7th Cir. 1994). *See also, Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) (stating that the "evidence need not be admissible in form (for example, affidavits are normally not admissible at trial), but it must be admissible in content."); *Powers v. Dole*, 782 F.2d 689, 696 (7th Cir. 1986) (stating that when evidence is offered through exhibits on a summary judgment motion, those exhibits "must be identified by affidavit or otherwise be admissible"). And before evidence may be admitted, it must be authenticated. Federal Rule of Evidence 901(a) states, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In *United States v. Brown*, the Court stated, "[a]uthentication relates only to whether the documents originate from [their alleged source]; it is not synonymous to vouching for the accuracy of the information contained in those records. 688 F.2d 1112, 1116 (7th Cir. 1982).

Here, the Plaintiff has not properly authenticated or "otherwise verified" the source or validity of the information contained in "U.S.A. Suicide: 2003 Official Final Data, John McIntosh, PhD., American Ass'n of Suicidology." *See, Rogers v. Ford Motor*

6

*Co.*, 952 F. Supp. 606, 611 (N.D. Ind. 1997).  He failed to properly designate any of the evidentiary materials submitted as supporting a particular material fact.  Further, Exhibit A fails to comply with the requirements of Rule 56(e) because it is not authenticated by and attached to an affidavit verifying its authenticity and because it is not a self-authenticating document.  Without proper authentication, these materials are inadmissible and must be stricken.  Accordingly, Defendant's Motion to Strike (Docket No. 12) is **GRANTED**.

### IV.  Summary Judgment

In his motion for summary judgment, the Plaintiff requests that the Court: (1) declare as a matter of law that the Policy's two-year suicide exclusion is ambiguous; (2) declare as a matter of law that the Policy's suicide exclusion, as written and applied, constitutes an illegal forfeiture or penalty under Indiana law and, as such, is non-enforceable as a matter of law; and (3) find that Chase breached its contract by failing to pay the proceeds to him as the properly designated beneficiary.  The Court will address each of these contentions in turn.

A. <u>Ambiguity</u>

The Plaintiff contends that he is entitled to a declaration from the Court that the Policy's two-year suicide exclusion is ambiguous.  Specifically, the Plaintiff contends that the exclusion is susceptible to two differing but reasonable interpretations and that such ambiguity should be resolved in favor of coverage as to his claim for proceeds under the

7

Policy.  Plaintiff's Motion for Summary Judgment at 6.

Under Indiana law, the same rules of construction that govern other contracts also govern insurance contracts, and the insurer bears the burden of proving an exclusion from coverage.  *See, PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E. 2d 705, 725 (Ind. App. 2007).  The proper interpretation of an insurance policy is generally a question of law that can appropriately be decided on summary judgment.  *Liberty Ins. Corp. v. Ferguson Steel Co., Inc.*, 812 N.E.2d 228, 230 (Ind. Ct. App. 2004).  If a contract is clear and unambiguous, the language contained in the contract must be given its plain meaning. *Allstate Ins. Co. v. Boles*, 481 N.E.2d 1096, 1101 (Ind. 1985).  If, however, there is ambiguity, the insurance policy will be "'construed strictly against the insurer' and the policy [will] be viewed from the standpoint of the insured."  *Beam v. Wausau Ins. Co.*, 765 N.E. 2d 524, 528 (Ind. 2002) (quoting *Bosecker v. Westfield Ins. Co.*, 724 N.E. 2d 241, 244 (Ind. 2000).  Failure to define a term does not necessarily make that term ambiguous, and "an ambiguity is not affirmatively established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party." *Beam*, 765 N.E.2d at 528.  *See also, Liberty Ins. Corp. v. Ferguson Steel Co., Inc.*, 812 N.E.2d 228, 230 (Ind. App. 2004).  Rather, an insurance policy is only ambiguous if a provision is susceptible to more than one *reasonable* interpretation. *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997) (emphasis added).

Resolution of this issue turns primarily on interpretation of this two-year suicide

8

clause in the Policy:

**Suicide**     We will limit the proceeds we pay under this policy
if the insured commits suicide, while sane or insane:

> 1. Within 2 years from the Date of Issue; and
>
> 2. After 2 years from the Date of Issue, but within 2 years from the effective date of the last reinstatement of this policy.
>
> The policy amount will equal all premiums paid on this Policy.

The Plaintiff asserts that the ambiguity arises because the exclusion states, "We will limit the proceeds we pay under this policy . . ." and then concludes, "The limited amount will equal all premiums paid . . ." The Plaintiff claims that the policy can reasonably be read to mean two things: (1) that the proceeds paid will be reduced–or limited–by the amount of premiums or (2) that the proceeds paid will be the amount of the premiums paid. Plaintiff's Motion for Summary Judgment at 7. Based on this claimed ambiguity, the Plaintiff argues that under this provision, Chase must pay him $999,460.00 in benefits–the proceeds of the $1,000,000.00 policy less the $540.00 premiums paid.

On the other hand, Chase contends that the clear and unambiguous language of the policy requires that the amount of the proceeds should be limited to the premiums paid rather than requiring a payment of the full face value minus the amount of premiums paid. The resolution of this dispute, then, focuses on the meanings of the terms "proceeds" and

9

"amount."

The Merriam-Webster dictionary defines "proceeds" as: (1) the total amount brought it and (2) the net amount received . . . after deduction of any discount or charges."  The same dictionary defines "amount" as: (1) to be equivalent; to reach in kind or quality and (2) to reach a total: add up.  When "proceeds" and "amount" are given their plain and ordinary meaning, those terms are virtually interchangeable.  As such, there is no ambiguity.  Further, the word "limit" in the first sentence modifies the phrase "proceeds we pay."  The only reasonable interpretation of the final sentence of the provision is that the term "limited amount" refers back to the term "proceeds" rather than the amount by which the proceeds are limited as Plaintiff alleges.  This Court finds that the suicide exclusion in the Policy is unambiguous and enforceable because it is not susceptible to more than one reasonable interpretation.  *Eli Lilly & Co. v. Home Ins. Co.*, 428 N.E.2d 467, 470 (Ind. 1985).

B.  Illegality

The Plaintiff contends that he is entitled to a declaration from the Court that the Policy's suicide exclusion, as written and applied, constitutes an illegal forfeiture or penalty under Indiana law and, as such, is non-enforceable as a matter of law.  Plaintiff's Motion for Summary Judgment at 9.  Specifically, the Plaintiff argues that "[c]onditions which create forfeitures will be construed most strongly against the insurer.  Only a stern legal necessity will induce such a construction as will nullify the policy."  Plaintiff's

Motion for Summary Judgment at 9 (quoting *Commonwealth Life Ins. Co.*, 432 N.E.2d at 1391 (quoting Hazelett, 4 N.E. at 582)). The Plaintiff contends that this rule allows "just compensation for the loss or injury actually sustained." Plaintiff's Motion for Summary Judgment at 9 *(quoting Sterne et al. v. Fletcher American Co. et al.*, 204 Ind. 35 (Ind. 1932)).

Here, however, Chase has not sought to void or nullify the Policy; rather, in accordance with the terms of the Policy, Chase seeks only to limit the amount of proceeds payable under the suicide provision. The Court finds that Chase is within its rights to do just that. *See, Hazelett*, 4 N.E. at 582 (holding that it is "neither unlawful nor against public policy for a contract of life insurance to stipulate that upon certain conditions or contingencies the policy should become void"). Suicide was provided by the policy as an exclusion for a two-year period as an anti-fraud provision and as a risk of loss provision upon which the premiums of the Policy were based. Theresa Officer died as a result of a gunshot wound to the head that was purportedly self-inflicted[2] one month before the two year period expired. Accordingly, this court finds that the Policy's suicide provision does not constitute an illegal forfeiture or penalty under Indiana law.

C. <u>Breach of Contract</u>

The Plaintiff contends that he is entitled to summary judgment that Chase breached

---

[2]The Court notes that the Plaintiff concedes, for purposes of the summary judgment arguments and facts contained in section C of his brief in support, that Theresa Officer died by means of "suicide" as that term is used in the Policy.

its contract by failing to pay the proceeds to him as the properly designated beneficiary. Plaintiff's Motion for Summary Judgment at 11.  The Plaintiff relies on the doctrine of substantial performance and argues that because the "policy was a mere 38 days short of its two year anniversary . . . the two-year period was 95% performed at the time of Ms. Officer's death."  Plaintiff's Motion for Summary Judgment at 12.

In Indiana, the doctrine of substantial performance applies "where performance of a nonessential condition is lacking, so that the benefits received by a party are far greater than the injury done to him by the breach of the other party." *Dove v. Rose Acre Farms, Inc.*, 434 N.E.2d 931, 935 (Ind. Ct. App. 1982).  The Plaintiff cites to no cases, and the Court is aware of no cases, applying the doctrine of substantial performance to suicide cases.  The Court will not effectively re-write the parties' contract and declines the Plaintiff's invitation to extend the doctrine of substantial performance to the two-year suicide clause in the Policy at issue in this case.

## V.  Conclusion

For the foregoing reasons, the Defendant's Motion to Strike (Docket No. 12) is **GRANTED**.  The Plaintiff's Motion for Summary Judgment (Docket No. 5) is **DENIED**. This Court enters judgment, pursuant to Rule 56(b), in favor of the Defendant that the suicide provision found in the Policy is unambiguous, valid, and enforceable.

**SO ORDERED.**
**Dated: March 13, 2007**                              **S/ ALLEN SHARP**
                                                       **ALLEN SHARP, JUDGE**
                                                       **UNITED STATES DISTRICT COURT**