UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DEAN OFFICER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:06-CV-0127 AS |
| ) | |
| CHASE INSURANCE LIFE & ) | |
| ANNUITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM, ORDER, & OPINION**

Before this Court are the Motion for Rule 54(b) Certification (Docket No. 19) filed by Plaintiff, Dean Officer, on May 7, 2007. The issues have been fully briefed, and for the reasons set forth below, Plaintiff's motion is **DENIED**.

The Plaintiff, Dean Officer, is the properly designated beneficiary on life insurance policy No. FK3318559 ("the Policy"). This policy was issued by Chase Insurance Life and Annuity Company ("Chase")[1] on February 11, 2004, insuring the life of Theresa S. Officer – the plaintiff's wife – in the amount of One Million Dollars ($1,000,000), and the policy contained a two-year suicide provision.[2]

---

[1] At the time the Policy issued, Chase Insurance Life and Annuity was known as Federal Kemper Life Assurance Company. *See* Affidavit of Pat Van Keulen at ¶ 3.

[2] The provision stated:
**Suicide**   We will limit the proceeds we pay under this policy if the insured commits suicide, while sane or insane:

   1. Within 2 years from the Date of Issue; and

On January 4, 2006, the insured, Theresa Officer, died as the result of a gunshot wound to the head.  Chase treated Theresa Officer's death as a suicide.  In response to a claim filed by Dean Officer – the beneficiary – and in accordance with the policy language, Chase paid the benefits due under the Policy pursuant to the Policy's two-year suicide provision, which amounted to $540.00, the amount of premiums paid.  On July 25, 2006, counsel for the Plaintiff returned the $540.00 check to Chase and demanded full payment of the Policy proceeds; Chase maintained its position and denied coverage.

On August 30, 3006, Dean Officer filed this lawsuit in the Jasper Superior Court in Rennselaer, Indiana.  The Plaintiff contends that the suicide provision should be nullified on the basis of ambiguity and illegality and asserts a claim for breach of contract based on substantial compliance with the terms of the policy.  Chase removed the action to this Court based upon diversity jurisdiction.

The Plaintiff filed a Motion for Summary Judgment (Docket No. 5) on October 3, 2006.  On March 13, 2007, the Court issued an Order (Docket No. 18) finding that the Policy's suicide exclusion was not ambiguous, that the Policy's suicide exclusion did not constitute an illegal forfeiture or penalty, and that Chase did not breach its contract by

---

2. After 2 years from the Date of Issue, but within 2 years from the effective date of the last reinstatement of this policy.

The policy amount will equal all premiums paid on this Policy.

2

failing to pay the proceeds to the Plaintiff based on the doctrine of substantial performance. The Court also held that there existed genuine issues of fact regarding whether Teresa Officer committed suicide.

In *Schaeffer v. First National Bank of Lincolnwood*, the Seventh Circuit stated:

> The potential for abuse inherent in condoning [delays in filing Rule 54(b) motions] would be great. With those considerations in mind, we believe that to allow plaintiffs to proceed with this appeal, having dilatorily sought a Rule 54(b) determination without any excuse for the delay, would be to erect an unnecessary disparity between timeliness requirements for appeals before and appeals after the ultimate termination of a lawsuit in the trial court. We hold, therefore, that as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates. There may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice. Those occasions ought, however, to be extremely rare.

465 F.2d 234, 236 (7th Cir. 1972). Some litigants have argued that the 30-day rule is no longer good law, basing their arguments on *Curtiss Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) and *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944 (7th Cir. 1980).[3] However, *Curtiss Wright* and *Bank of Lincolnwood* both involved cases in which the Rule 54(b) request was timely made. District courts in this circuit have continued to follow Schaeffer, especially in cases where the Rule 54(b) request was

---

[3] In *Curtiss Wright,* the Supreme Court expressed relcutance to establish narrow guidelines for district courts to follow when deciding Rule 54(b) motions. *Curtiss Wright*, 446 U.S. at 10-11. In *Bank of Lincolnwood*, the Seventh Circuit set forth a list of factors to be considered in deciding a Rule 54(b) motion, including but not limited to economic and solvency problems, possibility that the need for appeal may be mooted by developments in the trial court, and frivolity of competing claims. *Bank of Lincolnwood*, 622 F.2d at 949.

untimely.  *See AutoZone, Inc. v. Strick*, 2007 WL 683992 (N.D. Ill. Mar. 1, 2007); *Heath v. Wal-Mart Stores, Inc.*, 2001 WL 58600 (S.D. Ind. Jan. 23, 2001); *United States v. Smith*, 186 F.R.D. 505 (N.D. Ind. 1999); *C & F Packing Co. v. IBP, Inc.*, 1994 WL 484630 (N.D. Ill. Sept. 2, 1994).

Here, nearly two months after the order denying summary judgment, the Plaintiff filed a Motion for Rule 54(b) Certification (Docket No. 19) asserting that there is no just reason for delay.  The Plaintiff does not present any extreme hardship justifying the delay.  Therefore, it would be an abuse of discretion to grant Rule 54(b) certification.

Even if this Court does not follow *Schaeffer*, the delay in bringing the motion would be a factor that militates against finding that an urgency exists that would justify entering a partial judgment at this time. Rule 54(b) states:

> When more than one claim for relief is presented in an action, where there is a claim, counterclaim, crossclaim or third-party, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . .

Rule 54(b) provides that partial final judgment may be entered "'only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. West American Ins. Co., of the Ohio Cas. Group of Ins. Cos.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004).  *See also Continental Cas.*

4

*Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999).

Rule 54(b) does not require routine granting of certification.[4] *Curtiss Wright*, 446 U.S. at 10. Rather, Rule 54(b) requires a finding "that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal. *Factory Mut.*, 392 F.3d at 924. Instead, Rule 54(b) allows appeal without delay of claims that are separate and distinct from those that remain pending in the district court. *Continental Cas.*, 189 F.3d at 516. *See also Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002), cert. denied, 537 U.S. 1110 (2003) ("separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts). In this circuit, the test for separate claims under Rule 54(b) is "whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial, that if the latter were to give rise to a separate appeal at the end of the case, the court would have to go over the same ground that it had covered in the first appeal." *Lottie*, 408 F.3d at 939 (citing *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997).

Here, the summary judgment ruling focused on Plaintiff's claim for declaratory judgment. Plaintiff's breach of contract claim is still pending, and whether Teresa Officer

---

[4] The issue is left to the sound discretion of the district court. *Curtiss Wright*, 446 U.S. at 10.

5

committed suicide must still be determined. By the Plaintiff's own statement, a determination of this issue "calls into play the issues resolved by the Court in its summary judgment ruling." Plaintiff's Motion at 2. It is clear that a central, if not the central, issue in this case is whether Teresa Officer acted with the requisite intent to commit suicide, thus triggering application of the Policy's suicide exclusion. Accordingly, there is substantial factual overlap between the issues decided in the Court's March 13, 2007 Order and the remaining claims. This is not an appropriate case for Rule 54(b) certification.

Based on the foregoing, the Defendant's Motion for Rule 54(b) Certification (Docket No. 19) is **DENIED**. This Order obviates the need for an oral argument on the pending motion. Accordingly, the oral argument currently set for June 15, 2007 in Lafayette, Indiana is **VACATED** and the Defendant's Motion to Continue that hearing (Docket No. 23) is moot.

**SO ORDERED.**

**Dated: June 7, 2007**               <u>        **S/ ALLEN SHARP**        </u>
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**